IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD BRIDGEFORTH,** **PLAINTIFFS**
**JAVII GOINS, SHAWN HEARD,**
**COREY HOGUE, JEREMY JAMERSON,**
**AREDIOUS KELLY, LAQUINTON**
**PIGGEE and CHRISTOPHER WILLIAMS**

vs. No. 4:20-cv-917-LPR

**NEW AGE DISTRIBUTING, INC.** **DEFENDANT**

## PLAINTIFFS' PRETRIAL DISCLOSURE SHEET

COMES NOW Plaintiffs Shawn Heard and LaQuinton Piggee (collectively "Plaintiffs"), by and through their attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, and for their Pretrial Disclosure Sheet does hereby state as follows:

**1.  Identity of the party submitting information.**

Plaintiffs Shawn Heard and LaQuinton Piggee, by and through their attorneys of Sanford Law Firm, PLLC.

**2.  Names, addresses, and telephone numbers of all counsel for the parties.**

Sean Short and Josh Sanford of Sanford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Parkway, Suite 510, Little Rock, Arkansas 72211, Telephone: (501) 221-0088, Facsimile: (888) 787-2040; Emails: sean@sanfordlawfirm.com and josh@sanfordlawfirm.com.

**3.     A brief summary of the claims and relief sought.**

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), A.C.A. § 11-4-201 *et seq*. The FLSA and AMWA require employers to pay each employee an overtime premium for all hours worked over forty per week. 29 U.S.C. § 206, 207; Ark. Code Ann. § 11-4-210–211. Defendant failed to pay Plaintiffs overtime premiums for all hours worked over forty per week.  Therefore, Plaintiffs seek to recover damages in the form of unpaid overtime, liquidated damages, attorneys' fees, and costs as provided for by 29 U.S.C. § 216(b) and Ark. Code Ann. § 11-4-218.

One of the primary issues to be decided at trial is the extent of Plaintiffs' damages, which turns on the number of hours worked by Plaintiffs for Defendant. With respect to the issue of the number of hours worked by Plaintiffs, it is undisputed that Defendant maintained no records of hours worked by Plaintiffs; therefore, Plaintiffs are entitled to prove their damages as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 686-88 (1946).

**4.     Prospects of settlement.**

No substantive settlement negotiations have taken place to date. Plaintiffs remain open to a reasonable settlement and are hopeful that Defendant will be receptive to entering negotiations and avoiding the expense of trial, if possible.

**5.     The basis for jurisdiction and objections to jurisdiction.**

Plaintiffs seek relief under the FLSA, 29 U.S.C. § 201, *et seq.* Therefore, this Court has original jurisdiction of this action under 28 U.S.C. § 1331. Plaintiffs also seek relief under the AMWA, which is within this Court's supplement jurisdiction pursuant to 28

U.S.C. § 1367(a), because the claim forms part of the same case or controversy and arises out of the same facts as the FLSA claims. Venue is proper pursuant to 28 U.S.C. § 1391, because the State of Arkansas has personal jurisdiction over Defendant and therefore Defendant "resides" in Arkansas, and the acts complained of in Plaintiffs' Complaint were committed and had their principal effect within the Eastern District of Arkansas. Plaintiffs know of no objections to jurisdiction or venue.

**6.    List of pending motions.**

None.

**7.    A concise summary of the facts.**

Defendant operates a soft drink distribution business out of a centralized office in Little Rock. Plaintiffs worked as Merchandisers. Merchandisers visit a series of stores on an assigned route, restocking the shelves and coolers with product from the back room of the store. The work required by each route varies from day to day. One reason for the day-to- day variation is that each store on a Merchandiser's route has "load days" and "non-load days." And each particular store's "load days" and "non-load days" "can differ over time."  At all relevant times, Defendant was, and continues to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203. Defendant does not maintain records of hours worked by Plaintiffs but instead simply pays all Plaintiffs a salary based on a 40-hour work week with no overtime premium for hours worked in excess of 40 hours per week.

**8. All proposed stipulations.**

A. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

B. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complain. Therefore, this Court has supplemental jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

C. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Arkansas has personal jurisdiction over Defendant, and Defendants therefore "reside" in Arkansas.

D. Defendant is a for-profit, domestic corporation, created and existing under and by virtue of the laws of the State of Arkansas, providing business-to-business beverage distribution services.

E. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations, Plaintiffs' employer.

F. As employees of Defendant, Plaintiffs were entitled to the protections of the FLSA during their tenure of employment.

G. Defendant participated in the management of Plaintiffs' work, including setting and enforcing the number of hours worked, and the amount and manner of compensation paid.

  I. Defendant dictated, controlled and ratified, both implicitly and explicitly, the wage and hour practices and all related employee compensation policies that are at issue in this case.

  J. Plaintiffs were salaried employees of Defendant and were at all relevant times classified as exempt employees by Defendant.

  K. Plaintiffs were routinely required to work in excess of forty (40) hours per week.

  L. Plaintiffs were not and would not have been paid an overtime premium for hours worked in excess of forty (40) in a given week due to Defendant's classification decision.

  M. Defendant subsequent to Plaintiffs' tenure determined it was necessary to subdivide prior routes worked by Plaintiffs due to those routes, when combined as one, requiring more than forty (40) hours to complete.

  **9.** **The issues of fact expected to be contested.**

  A. Dawn Frantz's knowledge of merchandiser routes or hours worked.

  B. Rick Davis's knowledge of merchandiser routes or hours worked.

  C. Marlos Finley's knowledge or awareness of route lengths.

  D. Varrick Lott's knowledge or awareness of route lengths.

  E. Plaintiff Shawn Heard's hours each week.

  F. That Plaintiff Shawn Heard can accurately recall the exact stores he serviced, which days he visited them, and the approximate length of time he would spend in those stores.

  G. Plaintiff LaQuinton Piggee's hours each week.

H. That Plaintiff LaQuinton Piggee can accurately recall the exact stores he serviced, which days he visited them, and the approximate length of time he would spend in those stores.

I. Defendant's willfulness in failing to ensure that routes remained consistent or the existence of internal policies monitoring route length and consistency.

J. That Defendant knowingly failed to ensure that routes could be completed in less than forty (40) hours per week and willfully allowed routes that took longer than forty (40) hours per week to complete.

K. That Aaron Christman's testimony and route has no bearing on the length of time necessary to complete Plaintiffs' routes and the number of hours Plaintiffs subsequently worked.

**10.  The issues of law expected to be contested.**

A. Whether Defendant violated the FLSA by not paying Plaintiffs a proper overtime rate for all hours worked in excess of forty per workweek.

B. The applicable statute of limitations (willfulness).

C. Liquidated damages (i.e., whether Defendants acted in objective and subjective good faith in failing to compensate Plaintiffs as required under the FLSA).

D. The amount of damages owed to Plaintiff.

**11. A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used if the opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer.**

Plaintiffs expect to offer the following exhibits:

A. Payroll/earnings records.

B. Excerpts from Plaintiffs' employee files.

C. Damage calculations.

Plaintiffs may offer the following exhibits:

A. Any filed document of record by Defendant in this case;

B. Any filed document of record by Plaintiffs in this case;

C. Any and all documents obtained or produced in discovery.

12. **The names, addresses and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony.**

Plaintiffs expect to call Shawn Heard and LaQuinton Piggee.

Plaintiffs may call any person identified by Defendant in Defendant's disclosures and discovery responses.

**13. The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.**

Discovery is complete.

**14.   An estimate of the length of trial and suggestions for expediting disposition of the action.**

Plaintiffs estimate that the trial of this matter can be accomplished in two to three days. The proposed stipulations in Paragraph 8 above are offered in order to expedite the disposition of this action.

Respectfully submitted,

**PLAINTIFFS SHAWN HEARD
and LAQUINTON PIGGEE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com