IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD BRIDGEFORTH,** **PLAINTIFFS**
**JAVII GOINS, SHAWN HEARD,**
**COREY HOGUE, JEREMY JAMERSON,**
**AREDIOUS KELLY, LAQUINTON**
**PIGGEE and CHRISTOPHER WILLIAMS**

vs.                               No. 4:20-cv-917-LPR

**NEW AGE DISTRIBUTING, INC.**                       **DEFENDANT**

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE

### I.     INTRODUCTION

This is an action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA") Ark. Code Ann. § 11-4-201, *et seq.*, to recover unpaid wages. The issues before the Court are (1) whether Defendant failed to record and compensate all of Plaintiffs' hours of work as required by the FLSA and AMWA; (2) whether any underpayment of wages was done in subjective good faith and was objectionably reasonable; and (3) and the amount of damages owed to Plaintiffs.

This case follows other proceedings involving Defendant and plaintiffs represented by Plaintiffs' counsel. The circumstances, evidence, and factual basis in this case are wholly unique from the preceding cases and reference to decisions and orders from lawsuits outside of this one will only serve to muddy the issues and confuse the jury. Granting Plaintiffs' Motion in Limine will reduce the length of the trial and allow the jury to

Page 1 of 8
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Brief in Support of Plaintiffs' Motion in Limine

focus on the relevant issues in *this* case rather than being confused by references to irrelevant proceedings.

## II.      LEGAL STANDARDS

The purpose of a motion in limine is to assist the trial judge with ensuring "the expeditious and evenhanded management of the trial proceedings." *Estate of Rick v. Stevens*, No. C 00-4144-MWB, 2002 U.S. Dist. LEXIS 12404, at *9 (N.D. Iowa July 2, 2002). A motion in limine "performs a gatekeeping function" and aids "the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence . . . without lengthy argument at, or interruption of, the trial." *Id*. at *9–10 (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)); *see also UMG Recordings, Inc. v. Escape Media Grp., Inc.*, 2015 U.S. Dist. LEXIS 53734, at *6 (S.D.N.Y. Apr. 23, 2015); *Lloyd v. Bowersox*, No. 4:07CV2060 FRB, 2011 U.S. Dist. LEXIS 33451, at *17 (E.D. Mo. Mar. 30, 2011). "The prudent use of the in limine motion sharpens the focus of later trial proceedings and permits the parties to focus their preparation on those matters that will be considered by the jury." *Stevens*, 2002 U.S. Dist. LEXIS 12404, at *10 (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Where a party identifies evidence, including testimonial and documentary evidence, that is not under the Federal Rules of Evidence, Courts will apply the Federal Rules of Evidence to exclude such evidence. *See Lewis v. Ark. State Police*, No. 4:18-cv-0510 (WMW), 2022 U.S. Dist. LEXIS 39287, at *14 (E.D. Ark. Mar. 4, 2022). Under the Federal Rules of Evidence, only "relevant" evidence is admissible; "irrelevant" evidence is not admissible. F.R.E. 402. Evidence is "relevant" evidence if 1) "it has any tendency to make a fact more or less probable than it would be without the evidence; and

Page 2 of 8
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Brief in Support of Plaintiffs' Motion in Limine

2) "the fact is of consequence in determining the action." F.R.E. 401. However, even relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." F.R.E. 403.

### III.   ARGUMENT

**A.   This Court Should Exclude References to prior proceedings involving Defendant and Plaintiffs' counsel.**

This Court should prohibit Defendants from introducing, or referencing in any way, prior proceedings involving Defendant and Plaintiffs' counsel, including *Bailey v. New Age Distributing, Inc.*, No. 4:18-cv-538-JM (E.D. Ark.), filed 08/17/2018, and *Christman v. New Age Distributing, Inc.*, No. 4:19-cv-488-LPR (E.D. Ark.), filed 07/12/2019, and the appellate proceeding *Bailey v. New Age Distributing, Inc.*, 823 F. App'x 451 (8th Cir. 2020).

  1. *The Court should exclude any references to* Christman v. New Age Distributing, Inc*., No. 4:19-cv-488-LPR (E.D. Ark.).*

In *Christman v. New Age Distributing, Inc.* ("*Christman*"), No. 4:19-cv-488-LPR (E.D. Ark.), filed 07/12/2019, Plaintiffs' counsel brought suit against Defendant on behalf of several of Defendant's employees who worked in the same position (merchandisers) as Plaintiffs in this case. *See Christman*, Docket No. 1, filed 07/12/2019. This Court dismissed the *Christman* plaintiffs' claims on summary judgment due to the lack of specificity and corroborative evidence in the plaintiffs' testimonies regarding their hours worked. *See Christman*, No. 4:19-cv-00488-LPR, 2021 U.S. Dist. LEXIS 49860, at *20 (E.D. Ark. Mar. 17, 2021).

Page 3 of 8
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Brief in Support of Plaintiffs' Motion in Limine

In its Motion for Summary Judgment in this case, Defendant cited to this Court's ruling in *Christman*, alleging that "Plaintiffs are providing the same bare assertions based purely on memory." Br. in Supp. of Def.'s Mot. for Summ. J., ECF No. 19, p. 4. However, in its Order granting in part and denying in part Defendant's Motion for Summary Judgment (ECF No. 41), this Court noted that the issues and parties were "different, albeit similar" to the issues and parties in *Christman*. Order, ECF No. 41, p. 20. In denying summary judgment as to the remaining Plaintiffs in this case, the Court stated that their testimony "does not suffer from the shortcomings that were fatal to [the plaintiff's] claims in *Christman*," nor did the testimonies "contain the same inconsistencies that [the plaintiff's] testimony contained in the *Christman* case." *Id*. at p. 28, 30. Thus, this Court has already recognized the differences in this case and *Christman* in determining that Plaintiffs' testimonies are more consistent and detailed that those provided in *Christman*.

As the Court allowed this case to stand on its own merit in ruling on summary judgment, it should likewise prohibit Defendant from referencing *Christman* in front of the jury. There is no mechanism by which Defendant can present evidence surrounding the *Christman* case in a nonprejudicial manner. *Christman* involved wholly separate plaintiffs who worked different routes, provided different testimony, and were dismissed pursuant to different procedural postures. *See Christman*, Docket Nos. 25, 41 (in which several Christman plaintiffs were dismissed without prejudice); 2021 U.S. Dist. LEXIS 49860, at *20 (outlining the defects in the *Christman* plaintiffs' testimony). In fact, the procedural anomalies in *Christman* alone are enough to make the non-legally-trained mind spin; any reference to *Christman* will only serve to confuse the jury and obfuscate

Page 4 of 8
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Brief in Support of Plaintiffs' Motion in Limine**

the issues in question in this case. The Court should wholly ban reference to *Christman* before the jury.

> 2. The Court should prohibit any references to Bailey v. New Age Distributing, Inc., No. 4:18-cv-538-JM (E.D. Ark.), filed 08/17/2018, or Bailey v. New Age Distributing, Inc., 823 F. App'x 451 (8th Cir. 2020).

While Defendant may argue that the issues and parties in *Bailey v. New Age Distributing, Inc.* ("*Bailey*"), No. 4:18-cv-538-JM (E.D. Ark.), filed 08/17/2018, and its appeal, *Bailey v. New Age Distributing, Inc.* ("*Bailey Appeal*"), 823 F. App'x 451 (8th Cir. 2020), are the same as the issues in this case, *Bailey* and *Bailey Appeal* involved an entirely different set of issues and legal theories that are completely inapplicable in this case.

To begin with, Plaintiffs' counsel filed *Bailey* on behalf of employees who worked for Defendant as delivery drivers and driver/helpers and this case is filed on behalf of Merchandisers. *Bailey*, Docket No. 1, filed 08/17/2018. The *Bailey* plaintiffs had different job responsibilities and performed different duties than Plaintiffs in this case, and evidence or testimony from *Bailey* is inapplicable and irrelevant here. *See Bailey*, No. 4:18CV00538 JM, 2019 U.S. Dist. LEXIS 202032, at *3-4 (E.D. Ark. Nov. 21, 2019) (describing the *Bailey* plaintiffs' job duties). Moreover, *Bailey* was dismissed because the *Bailey* plaintiffs provided identical testimony in form of sworn declarations, which is completely different from this case in which the Court has already determined that Plaintiffs' detailed testimony was sufficient to raise a genuine issue of material fact for trial. *Compare Bailey*, 2019 U.S. Dist. LEXIS 202032, at *7 ("Plaintiffs' declarations are unsupported by any record evidence, are overinclusive and uncorroborated.") *with* Order, ECF No. 41, p. 32 ("So, not only are Mr. Heard's and Mr. Piggee's estimates

Page 5 of 8
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Brief in Support of Plaintiffs' Motion in Limine**

more detailed than the usual memory estimates we see in FLSA cases, they are also corroborated (to some extent) by each other.").

Reference to *Bailey* and *Bailey Appeal* will only serve to confuse the jury as to the issues relevant in this case. This case involves the claims of two of Defendant's Merchandisers who, according to this Court, have provided sufficiently detailed testimony to present to a jury for deliberation. The faults and defects of testimony of plaintiffs in prior cases will add nothing to the claims of this case. Any mention of *Christman*, *Bailey*, or *Bailey Appeal* will not provide probative evidence that will make Plaintiffs' claims more or less likely; mention of prior cases will only serve to confuse the jury as to the claims at issue in *this* case. The Court should therefore prohibit reference to any prior case involving Defendant and Plaintiffs' counsel.

B. **References to Attorneys' Fees and Costs are Irrelevant and Unfairly Prejudicial.**

An award of attorneys' fees and costs to the plaintiff is "mandatory" in FLSA cases, but only if the plaintiff prevails. 29 U.S.C. § 216(b) ("The Court shall, in addition to any judgment awarded to plaintiff or plaintiffs, allow a reasonable attorneys' fees to be paid by the defendant and costs of the action"). The amount of the attorneys' fee is within the discretion of the court. *Collins v. Barney's Barn, Inc.*, Case No. 4:12-cv-685-SWW (E.D. Ark. 10/16/2014). Since the awarding of attorneys' fees and costs will not be a job for the jury, any reference at all to such issues would only serve to confuse the jury or prejudice Plaintiffs. Much like argument and evidence regarding the presence of insurance is disallowed in jury trials as prejudicial and not probative, any reference to the possible award or payment of attorneys' fees and costs should be similarly disallowed as unduly prejudicial while having no probative value.

Page 6 of 8
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Brief in Support of Plaintiffs' Motion in Limine

**C.     This Court Should Exclude and Disallow Evidence or Comments Regarding Plaintiff's Counsel.**

Comments regarding other lawsuits filed by Plaintiffs' counsel, other clients represented by Plaintiffs' counsel, or the personal or political activities of counsel for either Party are not probative of any issue to be decided by the Jury. Therefore, arguments and evidence related to Plaintiffs' counsel are categorically irrelevant and should be disallowed, as should any news articles, reports and/or social media postings about Plaintiffs' counsel. The Court should not allow evidence or comment about Sanford Law Firm, its attorneys, its other cases, decisions by this Court in Sanford Law Firm cases, or any other extraneous information not directly related to the instant case. Any postings or activity by Plaintiffs' counsel on social media, whether or not related to this case, are wholly irrelevant and should not be allowed to be mentioned in the presence of the jury. The Court should prohibit evidence or comment about anything that any of the attorneys have or have not done that occurred or did not occur outside the presence of the jury.

## IV.     CONCLUSION

Plaintiffs' Motion in Limine is intended to prevent jury confusion and ensure an efficient trial by keeping both Parties focused on the questions to be decided by the jury: namely the issues involving Plaintiffs' FLSA and AMWA claims against Defendant, which turn on the job duties Plaintiffs performed, the number of hours Plaintiffs worked and the amount of damages owed to Plaintiffs. For these reasons and for the reasons stated above, Plaintiffs' Motion in Limine should be granted in its entirety.

**Page 7 of 8**
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Brief in Support of Plaintiffs' Motion in Limine**

Respectfully submitted,

**PLAINTIFFS SHAWN HEARD and LAQUINTON PIGEE**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Ste. 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

**Page 8 of 8
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Brief in Support of Plaintiffs' Motion in Limine**