IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD BRIDGEFORTH, et al.**                                                                  **PLAINTIFFS**

V.                                        **No. 4:20CV00917LPR**

**NEW AGE DISTRIBUTING, INC.**                                                              **DEFENDANT**

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE**

Defendant New Age Distributing, Inc. ("New Age"), by and through its counsel, Brian A. Vandiver, a partner in the law firm of Cox, Sterling, Vandiver & Botteicher, PLLC, for its Response to Plaintiffs' Motion in Limine, states:

## I.  INTRODUCTION

Plaintiffs wish to exclude evidence about prior litigation and their lawyers, but that evidence is relevant, and the jury should hear it.  Fed. R. Evid. 401 and 403.

## II.  ARGUMENT

**A.      The Court Should Not Exclude Evidence About The *Christman* Case**

The *Christman* case did not just bring forth claims of several Defendant's employees who worked as merchandisers, it brought forth the claims of these exact same Plaintiffs Heard and Piggee when they were putative class members.  *Christman v. New Age Distributing, Inc.*, No. 4:19-cv-488-LPR (E.D. Ark.).  This case was a mere continuation of the putative class members in the *Christman* case after the putative class members (including Plaintiffs Heard and Piggee) dismissed their claims in *Christman* pursuant to Fed. R. Civ. P. 41.  Those putative class members (including Plaintiffs Heard and Piggee) then refiled their claims in this case, claims that are identical to the claims they asserted as putative class members in *Christman*.

In denying Defendant's Motion for Summary Judgment as to Plaintiffs Heard and Piggee, the Court reasoned that their stories are sufficiently detailed and similar to allow a jury to decide their claims. *See* D.E. No 41 at page 28-33. Indeed, the Court suggested that each Plaintiff's testimony standing alone might not be sufficient to survive summary judgment. Therefore, Defendant is entitled to present evidence, including testimony from Mr. Christman and Mr. Savage, about how dissimilar the evidence is regarding the work of other Merchandisers. Moreover, the jury should hear how Mr. Christman and Mr. Savage in that case asked to be dismissed because they felt that their claims, along with the claims of all merchandisers, were based on false information. The putative class members in *Christman* (including Plaintiffs Heard and Piggee) joined the *Christman* case because they stated that the conditional class representatives' experiences were similar enough that those representatives could testify on behalf of the entire class. It is relevant and important for the jury to know that Mr. Christman and Mr. Savage, as the the class representatives, disavowed their statements and believed that they had been misinformed by their lawyers.

Further, this evidence goes to Defendant's willfulness or lack thereof. *See* 8th Cir. Model Jury Instruction (Civil) No. 16.22. Defendant prevailed in *Christman* and believed it would do so again in this case.

**B.     The Court Should Not Exclude Evidence About The *Bailey* Case**

While the Bailey case involved Defendant's drivers and not merchandisers, the case involved the same issue – can any driver produce sufficient evidence that he worked any overtime? The answer was no. *Bailey v. New Age Distributing, Inc.* ("Bailey"), No. 4:18-cv-538-JM (E.D. Ark.), *aff'd*, 823 F. App'x 451 (8th Cir. 2020).

Again, the issue of Defendant's willfulness, or lack thereof, will be before the jury. It is imperative that the jury understand this litigation history to understand Defendant's actions. Defendant prevailed in the *Bailey* case, prevailed in the *Christman* case, and believed it would prevail in this case. The evidence is relevant, and it would be unfairly prejudicial to Defendant to exclude it.

C.  **The Court Should Not Exclude Evidence Regarding Plaintiffs' Counsel**

Mr. Christman, the original class representative in the *Christman* case, has testified that the Sanford Law Firm would not allow him to be dismissed unless he came to their law office. Mr. Christman informed the Sanford Law Firm that he had no way to prove how many hours he worked while he was still a party to the case. Christman Dep., 14:20-15:7; Christman Dep., 31:22-31:3. Mr. Christman testified that he had been misled by Sanford Law Firm employees that a "worst-case scenario" (retaliation) was going to happen to him and that is why he joined the lawsuit. Christman Dep., 14:3-14:13. Mr. Christman also testified that Defendant never retaliated against him for bringing the lawsuit. Christman Dep., 28:24-28:25. Mr. Savage, the other original class representative, also testified that the Sanford Law Firm misled him by drafting a declaration that did not reflect the facts that Mr. Savage had told the Sanford Law Firm. Savage Dep., 16:3-16:11.

It is vital that the jury hear that the named plaintiffs and class representatives in the original merchandiser cases (which Plaintiff Heard and Piggee joined) ultimately dismissed their claims, how, and why. The same attorneys have filed this case, and it is in fact a continuation of the *Christman* case after the putative plaintiffs (including Plaintiffs Heard and Piggee) filed their Rule 41 motions. "It is well settled that the actions of an attorney are the actions of the client." *Stracener v. Williams*, 84 Ark. App. 208, 213 (2004). This evidence would have been relevant and admissible in *Christman*, and it is relevant and admissible here.

3

D.  **The Court Should Explain Attorney's Fees To The Jury**

The Court should explain attorney's fees to the jury so that the jury understands the process and is not confused. It is entirely appropriate for the Court to explain that the jury will not decide attorney's fees, but the Court will, if either Plaintiff prevails.

E.  **The Court Should Not Exclude Evidence About Sanford Law Firm's Other Lawsuits or Clients**

To the extent any witness has knowledge of Sanford Law Firm's other lawsuits or clients, that information is also relevant and admissible.

### III.  CONCLUSION

For these reasons, Defendant New Age Distributing, Inc. respectfully requests that the Court deny Plaintiff's Motion in Limine and grant Defendant all other proper and just relief.

Respectfully Submitted:

Brian A. Vandiver (Ark. Bar No. 2001078)
COX, STERLING, VANDIVER
& BOTTEICHER, PLLC
8201 Cantrell Rd., Suite 230
Little Rock, AR 72227
(501) 954-8073
bavandiver@csmfirm.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      I, Brian A. Vandiver, do hereby certify that a true and correct copy of the foregoing pleading was filed with the Clerk of Court and served via ECF to the following on this 18th day of July, 2023:

Sean Short
Josh Sanford
Sanford Law Firm, PLLC
650 S. Shackleford, Suite 411
Little Rock, AR 72211
sean@sanfordlawfirm.com
josh@sanfordlawfirm.com

                                      By:   Brian A. Vandiver