IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD BRIDGEFORTH,**                                                               **PLAINTIFFS**
**JAVII GOINS, SHAWN HEARD,**
**COREY HOGUE, JEREMY JAMERSON,**
**AREDIOUS KELLY, LAQUINTON**
**PIGGEE and CHRISTOPHER WILLIAMS**

vs.                                        No. 4:20-cv-917-LPR

**NEW AGE DISTRIBUTING, INC.**                                     **DEFENDANT**

## REPLY IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE

Defendant's Response to Plaintiffs' Motion in Limine only serves to confirm that Defendant's intent is to litigate this case purely through character assassination. Defendant makes the conclusory assertion that evidence of prior cases involving Plaintiffs' counsel relates to whether Plaintiffs can prove that they worked uncompensated overtime hours, but wholly fails to establish that any of the evidence at issue actually has any impact on these issues. Accordingly, Plaintiffs' Motion in Limine should be granted in its entirety.

**A.**     **Testimony and evidence from prior cases is irrelevant and confusing.**

Defendant asserts that evidence produced in other cases is relevant because it might serve to discredit Plaintiffs' testimony, arguing that this case is "a mere continuation" of *Christman v. New Age Distributing, Inc.* ("*Christman*"), No. 4:19-cv-488-LPR (E.D. Ark.) and therefore all testimony provided in *Christman* is relevant here. But this Court has already noted that this case will stand on its own without reference to the

Page 1 of 6
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Reply in Support of Plaintiffs' Motion in Limine

testimony and evidence produced in *Christman*. *See Bridgeforth v. New Age Distrib., Inc.*, No. 4:20-CV-917-LPR, 2023 U.S. Dist. LEXIS 55433, at *23 (E.D. Ark. Mar. 30, 2023) (relying on the same analysis applied in *Christman* and denying Defendant's request for summary judgment as to Plaintiffs).

Defendant's argument is particularly ironic given the zealousness with which it fought conditional certification and its strident arguments in favor of decertification in *Christman*. *See Christman*, Docket Nos. 12, 39. In arguing for decertification, Defendant noted the inherent differences in each of its merchandiser's experiences and claims:

> Each route visits different stores in different geographic locations. Each store on each route can have different load days and non-load days, and these days can differ over time. Each store has a different amount of work required on each distinct day, as some stores are busier or larger than others and therefore require longer hours before the work is completed. The amount of work changes each season, with summers requiring more hours worked and winters requiring much less hours worked.

Br. in Supp. of Def.'s Mot. to Decertify the FLSA Collective Action, *Christman*, Docket No. 39, p. 3, filed 07/27/2020. In fact, in asserting decertification, Defendant noted that the *Christman* plaintiffs who provided depositions had vastly differing estimates of how much they worked "because they each drove different routes." *Id*. at p. 4. According to Defendant, these individualized inquiries rendered the claims unsuitable for representative evidence and argued that the Court should decertify the collective. *See generally*, *id*.

Page 2 of 6
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Reply in Support of Plaintiffs' Motion in Limine

Importantly, Plaintiffs[1] agreed. *See Christman*, Resp. to Mot. to Decertify the FLSA Collective, Docket No. 44, filed 08/10/2020. Rather than pursuing their claims collectively, Plaintiffs and the rest of the *Christman* collective voluntarily dismissed their claims and refiled jointly rather than collectively. Despite Defendant's insinuations otherwise, there is nothing improper in this action; it is wholly allowable under the Rules. Plaintiffs continue to agree that their claims are unsuitable for collective action or representative evidence. Accordingly, the testimony of other merchandisers who drove different routes at different times in different locations are utterly irrelevant to whether *Plaintiffs* can establish by reasonable inference the amount of uncompensated overtime they worked.

Defendant must concede (because its already tacitly admitted) that evidence from the *Christman* plaintiffs regarding route length and hours worked is *wholly irrelevant* to Plaintiffs' claims. Thus, Defendant clearly desires to introduce this evidence not to discredit Plaintiffs' testimony, but to throw the entire litigation into the mud pit by smearing Plaintiffs' counsel and titillating the jury with baseless allegations of wrongdoing and wholly improper implications regarding attorney-client relationships. Evidence from *Christman* will obviously (and intentionally on Defendant's part) divert attention away from the actual claims at issue in this case. Defendant has not shown that the probative value of this evidence outweighs the obvious prejudice to Plaintiffs, and introduction of any reference to *Christman* should be denied.

---

[1] Defendant points out that Plaintiffs here were opt-in plaintiffs in *Christman* and asserts (without providing any legal support) that because they are plaintiffs in both cases, whatever testimony was produced in *Christman* should be imputed to this case. While true that Plaintiffs were technically parties to *Christman*, they did not participate in discovery, did not provide any evidence or testimony, and did not participate in the *Christman* litigation in any meaningful manner.

Page 3 of 6
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Reply in Support of Plaintiffs' Motion in Limine**

The above can be equally applied to Defendant's argument in favor of referencing *Baily v. New Age Distributing, Inc.* ("*Bailey*"), No. 4:18-cv-738-JM (E.D. Ark.) and its subsequent appeal at 823 F. App'x 451 (8th Cir. 2020), except that reference to *Bailey* would be even more attenuated than reference to *Christman*. Plaintiffs here were not originally parties to *Bailey* and worked completely jobs and hours. The only possible reason to reference *Bailey* is to paint Plaintiffs' counsel negatively in hopes of winning the case in a smear-campaign rather than on the merits.

Defendant's argument that reference to *Christman* and *Bailey* is relevant to a finding of willfulness is baseless. Defendant "prevailed" in *Bailey* and *Christman* because the plaintiffs did not provide sufficient testimony to defeat summary judgment, not because a factfinder determined Defendant wasn't liable. The issue of willfulness was never reached in *Christman* or *Bailey*, and so any findings in those cases have no bearing on a determination of wilfullness here. *Christman* and *Bailey* do nothing to support Defendant's position that it did not willfully misclassify Plaintiffs, but regardless, the clear prejudice to Plaintiffs should reference be made to *Christman* and *Bailey* outweighs any probative value to Defendant.

**B.    Evidence regarding attorney's fees and other cases involving Plaintiffs' counsel is irrelevant and confusing.**

Defendant's Response makes it clear that it does not intend to litigate Plaintiffs' case against Defendant, but rather intends to litigate the legal practices of the Sanford Law Firm, PLLC (SLF). The circumstances surrounding the separation of the *Christman* plaintiffs from SLF were unfortunate, but Defendant's lurid implication of "wrongdoing" is completely one-sided, wholly self-serving, and missing several important key facts. To date, SLF has refrained from airing grievances in the interests of setting the record

Page 4 of 6
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Reply in Support of Plaintiffs' Motion in Limine

straight in this matter *because they are irrelevant to Plaintiffs' claims* and only serve to distract from the actual legal issues pending in this case. SLF maintains that Mr. Christman and Mr. Savage's grievances with SLF are irrelevant to Plaintiffs' claims in this case and will only serve to distract the jury and muddle the issues.

Defendant asserts that it's "vital" that the jury should hear about the dismissal of the *Christman* plaintiffs but provides no actual legal reason for why it's so vital. Subjective belief that the jury should get all the juicy gossip surrounding prior case history is an insufficient reason for introduction of this evidence, and Defendant should not be permitted to titillate and distract the jury with mudslinging. Indeed, Defendant's gleeful delight in bringing up Mr. Christman's allegations against SLF at every opportunity illuminates Defendant's motives—if Defendant can keep the jury focused on SLF, then it doesn't have to focus on litigating the merits of *this* case.

Finally, the jury has nothing to do with a determination of attorney's fees and there is no reason to even bring the issue before the jury, much less ensure it "understands the process and is not confused." Resp. to Mot. in Limine, ECF. No. 49, p. 4. To what end? What purpose could explaining fees to the jury possible serve since they make no decisions and have no input into the fees process? Does it matter, at all, if the jury is confused regarding fees since they have no say in it? SLF respectfully requests that this Court continue to ensure this case centers around Plaintiffs' claims by disallowing any mention of SLF's legal practices, other prior or currently pending cases involving SLF, or irrelevant analysis of the FLSA's mandatory fee-shifting provision.

**Page 5 of 6**
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Reply in Support of Plaintiffs' Motion in Limine**

       Respectfully submitted,

       **PLAINTIFFS SHAWN HEARD and LAQUINTON PIGGEE**

       SANFORD LAW FIRM, PLLC
       Kirkpatrick Plaza
       10800 Financial Centre Pkwy, Ste. 510
       Little Rock, Arkansas 72211
       Telephone: (501) 221-0088
       Facsimile: (888) 787-2040

       Sean Short
       Ark. Bar No. 2015079
       sean@sanfordlawfirm.com

       Josh Sanford
       Ark. Bar No. 2001037
       josh@sanfordlawfirm.com

**Page 6 of 6**
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Reply in Support of Plaintiffs' Motion in Limine**