## COURT'S PRELIMINARY INSTRUCTION NO. 1

Ladies and gentlemen: I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I shall give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

This is a civil case.  It is about wages.  In summary, the Plaintiff in this case, Shawn Heard, alleges that his former employer, Defendant New Age Distributing, Inc., failed to pay him overtime wages for any hours worked over forty per week.  New Age Distributing, Inc. denies the allegations and asserts that Mr. Heard did not work more than forty hours in any week for New Age Distributing, Inc.

It will be your duty to decide from the evidence whether Mr. Heard is entitled to a verdict in his favor against New Age Distributing, Inc., and, if so, how much money to award him.  From the evidence, you will decide what the facts are.  You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life.  You may use reason and common sense to draw deductions or conclusions from facts that have been established by the evidence.  You will then apply those facts to the law that I give you in these and in my other instructions, and in that way reach your verdict.  You are the sole judges of the facts,

but you must follow the law as stated in my instructions, whether you agree with it or not.  You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

## COURT'S PRELIMINARY INSTRUCTION NO. 2

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.  I shall list those things for you now:

1.    Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.    Objections are not evidence.  Lawyers have a right to object when they believe something is improper.  You should not be influenced by the objection.  If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.    Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.    Anything you see or hear about the case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs and instruct you on the

purposes for which the item can and cannot be used.  You need to pay close attention if and when I give an instruction about evidence that you can consider for only certain purposes because you might not have that instruction in writing later in the jury room.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence."  You are instructed that you should not be concerned with those terms.  The law makes no distinction between direct and circumstantial evidence.  You should give all evidence the weight and value you believe it is entitled to receive.

## COURT'S PRELIMINARY INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives a witness might have for testifying a certain way, the manner of the witness while testifying, whether a witness said something different at another time, the general reasonableness of the testimony, and the extent a witness's testimony is consistent with other evidence that you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## COURT'S PRELIMINARY INSTRUCTION NO. 4

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When we take a recess, I will remind you to leave your notepads face down on your chair. Court staff will make sure no one reads them. When you leave at night, your notes will be secured and not read by anyone.

## COURT'S PRELIMINARY INSTRUCTION NO. 5

During the trial it will likely be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the legal rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## COURT'S PRELIMINARY INSTRUCTION NO. 6

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about the case, or about anyone involved with it, until the trial has ended, and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to the Court Security Officer or to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in the trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, claims, evidence, or anything else related to the case. You must not tell anyone anything about the jury's deliberations in the case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about the case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website such as Facebook, Instagram, MySpace, YouTube, Twitter, or any other way to communicate to anyone any information about the case until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own.  Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony.  Also, do not research any information about the case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.  In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all and avoid listening to any television or radio newscasts at all.  I do not know whether there might be any news reports of the case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it.  If you want, you can have your spouse, or a friend clip out any stories and set them aside to give you after the trial is over.  I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court.  If you do some research or investigation or experiment that we don't know about, then your verdict may be

influenced by inaccurate, incomplete, or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination.  All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process.  If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice.  It is very important that you abide by these rules.  Remember, you have taken an oath to abide by these rules and you must do so.

*Eighth*, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

## COURT'S PRELIMINARY INSTRUCTION NO. 7

The trial will proceed in the following manner:

First, the Plaintiff's lawyer may make an opening statement. Next, the Defendant's lawyer may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

After opening statements, the Plaintiff will call his witnesses to present his evidence, and counsel for the defense may cross-examine those witnesses. After the Plaintiff has finished presenting his case, the Defendant may call witnesses to present its evidence, and the Plaintiff's lawyer will have a chance to cross-examine those witnesses.

After the presentation of evidence is completed, the Court will instruct you further on the law. Then, the attorneys will make their closing arguments to summarize and interpret the evidence for you. After that you will retire to deliberate on your verdict.

## COURT'S CLOSING INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of the instructions I gave you at the beginning of the trial and during the trial are not repeated here.

The instructions I am about to give you now as well as many of those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than any other instructions I have given you. Again, all instructions, whenever given and whether in writing or not, must be followed.

## COURT'S CLOSING INSTRUCTION NO. 2

It is your duty to find from the evidence what the facts are.  You will then apply the law, as I give it to you, to those facts.  You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## COURT'S CLOSING INSTRUCTION NO. 3

The faithful performance of your duties as jurors is essential to the administration of justice.

It is my duty as a judge to inform you of the law applicable to this case by instructions, and it is your duty to accept and follow them as a whole, not singling out one instruction to the exclusion of others. You should not consider any rule of law with which you may be familiar unless it is included in my instructions.

It is your duty to determine the facts from the evidence produced in this trial. You are to apply the law as contained in these instructions to the facts and render your verdict upon the evidence and law. You should not permit sympathy, prejudice, or like or dislike of any party to this action or of any attorney to influence your findings in this case.  In considering the evidence in this case you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life.

In deciding the issues, you should consider the testimony of the witnesses and the exhibits received in evidence. The introduction of evidence in court is governed by law. You should accept without question my rulings as to the admissibility or rejection of evidence, drawing no inferences that by these rulings I have in any manner indicated my views on the merits of the case.

Opening statements, objections or other remarks during the trial, and closing arguments of the attorneys are not evidence but are made only to help you in understanding the evidence and applicable law. Any argument, statements, or remarks of attorneys that have no basis in the evidence should be disregarded by you. However, an admission of fact by an attorney is binding on his or her client.

Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

Anything you saw or heard about this case outside the courtroom is not evidence and must not be considered.

Further, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

I have not intended by anything I have said or done, by any rulings or comments I have made, or by any questions that I may have asked, to indicate or suggest what you should find to be the facts, or that I believe or disbelieve any witness who testified. If anything that I have done or said has seemed to so indicate, you will disregard it.

## COURT'S CLOSING INSTRUCTION NO. 4

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial at your hands as a private individual.  All persons, including individuals, corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

## COURT'S CLOSING INSTRUCTION NO. 5

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## COURT'S CLOSING INSTRUCTION NO. 6

You will have to decide whether certain facts have been proved by a preponderance of the evidence. That means the greater weight of the evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." The proof beyond a reasonable doubt standard applies in criminal cases, but not in this civil case; so put it completely out of your mind.

## COURT'S CLOSING INSTRUCTION NO. 7

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

As I instructed you earlier, the law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

## COURT'S CLOSING INSTRUCTION NO. 8

In this case, Plaintiff Shawn Heard alleges that Defendant New Age Distributing, Inc. violated the Fair Labor Standards Act and the Arkansas Minimum Wage Act by failing to pay him overtime wages for hours worked over 40 per week. New Age Distributing, Inc. denies the allegations and asserts that Mr. Heard did not work more than forty hours in any week for New Age Distributing, Inc. For purposes of this case, the Fair Labor Standards Act and the Arkansas Minimum Wage Act are governed by the same rules and standards, including, but not limited to, the definitions of "hours worked" and "overtime," the applicable rules regarding the number of hours worked per week before overtime must be paid, and damages calculations. Accordingly, you will be asked to render only one verdict, and that verdict will apply to the Plaintiff's Fair Labor Standards Act claim and Arkansas Minimum Wage Act claim equally.

## COURT'S CLOSING INSTRUCTION NO. 9

Mr. Heard alleges that he worked overtime hours for which he was not properly compensated, and that this violates the Fair Labor Standards Act and the Arkansas Minimum Wage Act.  The elements of this claim are:

*First*, Mr. Heard was employed by New Age Distributing, Inc. from January 5, 2018 to October 13, 2018;

*Second*, during the time Mr. Heard worked for New Age Distributing, Inc., it was an enterprise engaged in commerce or the production of goods for commerce that had annual gross sales of at least $500,000; and

*Third*, New Age Distributing, Inc. failed to pay Mr. Heard overtime pay for all hours worked by Mr. Heard in excess of 40 in one or more workweeks.

With respect to the first element, Mr. Heard and New Age Distributing, Inc. have stipulated to this fact, so you must consider it as proved.  With respect to the second element, Mr. Heard and New Age Distributing, Inc. have also stipulated to this fact, so you must consider it as proved.  Accordingly, if Mr. Heard has proved the third element by a preponderance of the evidence, then you must find for Mr. Heard on liability.  On the other hand, if Mr. Heard has failed to prove the third element by a preponderance of the evidence, then you must find for New Age Distributing, Inc. on liability.

The following definitions will help you to understand this instruction and you must apply them.

First, a "workweek" is a regularly recurring period of seven days or 168 hours, as designated by the employer.

Second, the phrase "hours worked" includes all time spent by an employee that was primarily for the benefit of the employer or the employer's business. Such time constitutes "hours worked" if the employer knew or should have known that the work was being performed. Periods during which an employee is completely relieved of duty that are long enough to enable the employee to use the time effectively for his own purposes are not "hours worked."

You must determine the number of hours worked by Mr. Heard based on all of the evidence. An employer is legally required to maintain accurate records of its employees' hours worked. If you determine that the records of Mr. Heard's hours worked maintained by New Age Distributing, Inc. are accurate, you may rely on them in determining the number of hours worked by Mr. Heard. If you find that New Age Distributing, Inc. failed to maintain records of Mr. Heard's hours worked or that the records kept by New Age Distributing, Inc. are inaccurate, you may accept Mr. Heard's estimates of hours worked, unless you find them to be unreasonable or otherwise not credible.

Third, an employer is required to provide "overtime pay" in any workweeks in which an employee has more than 40 hours worked.  Overtime compensation must be paid at a rate at least one and one-half times the employee's regular rate of pay for all hours worked in excess of 40.   An employee's regular rate of pay is determined by totaling all the compensation that should have been paid to the employee for the workweek, excluding any overtime premium pay and any pay for vacation, holiday, or illness, and then dividing that total by all of the employee's hours worked for that workweek.

## COURT'S CLOSING INSTRUCTION NO. 10

If you find in favor of Mr. Heard under Closing Instruction No. 9, then you must determine whether New Age Distributing, Inc.'s failure to pay overtime to Mr. Heard was willful. A failure to pay overtime is willful if an employee has proved by a preponderance of the evidence that the employer either knew that its conduct was prohibited by the law regarding overtime pay, or showed reckless disregard for whether its conduct was prohibited by the law regarding overtime pay.

## COURT'S CLOSING INSTRUCTION NO. 11

If you find in favor of Mr. Heard under Closing Instruction No. 9, you must award Mr. Heard damages in the amount that Mr. Heard should have been paid in overtime compensation, less what New Age Distributing, Inc. actually paid him.

The overtime compensation amount that should have been paid is the number of hours worked in excess of 40 hours in each workweek multiplied by the regular rate for that workweek, multiplied by 1.5, as set forth in Closing Instruction No. 9. You must calculate this amount separately for each workweek.  In determining the amount of damages, you may not include or add to the damages any sum for the purpose of punishing New Age Distributing, Inc.