IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**DONALD BRIDGEFORTH, et al.**                                          **PLAINTIFF**

vs.                               No. 4:20-cv-917-LPR

**NEW AGE DISTRIBUTING, INC.**                                          **DEFENDANT**

## OBJECTION TO DEFENDANTS' BILL OF COSTS

### I.    INTRODUCTION

This Court should exercise its discretion to deny Defendant's Bill of Costs. Plaintiff Shawn Heard brought good faith claims against Defendant under remedial statutes intended to protect workers from unfair and discriminatory employment conditions. It would frustrate the purposes of those statutes to burden Plaintiff with onerous costs for protesting his employment conditions. In the alternative, if the Court decides to tax costs against Plaintiff, the Court should examine Defendant's Bill of Costs and deny those costs that are unsupported by evidence and not taxable against the losing party.

### II.   LAW AND ARGUMENT

**A. Defendant's Bill of Costs Should Be Denied in its Entirety.**

Under Rule 54(d) of the Federal Rules of Civil Procedure, "the decision whether to award costs ultimately lies within the sound discretion of the district court." *Lochridge v. Lindsey Mgmt. Co.,* 824 F.3d 780 (8th Cir. 2016) (quoting *Marx v. Gen. Revenue Corp.*, 133 S. Ct. 1166, 1172-73 (2013)). The Eighth Circuit specifically takes a broad

Page 1 of 7
Donald Bridgeforth, et al. v. New Age Distributing, Inc.
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Objection to Defendant's Bill of Costs

view and finds that Rule 54(d)'s grant of discretion alone permits a court to deny costs for any reason. *See Greaser v. Dept. of Corrections*, 145 F.3d 979 (8th Cir. 1998); *Warren v. State Farm Fire & Cas. Co.*, 2008 U.S. Dist. LEXIS 66535 (E.D. Ark., Aug. 19, 2008). In *Greaser*, the Eighth Circuit upheld the district court's denial of costs to the prevailing defendant. *Greaser*, *supra*.

There are many factors that a district court may take into account in deciding to deny costs under Rule 54(d)(1). These factors include: the losing party's limited financial resources; misconduct by the prevailing party; close and difficult legal issues presented; substantial benefit conferred to the public; the prevailing party's enormous financial resources; and the losing party's good faith in prosecuting the action. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2668, at 234 (1998)); *see also Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

The factors identified by the *Pacheco* court weigh strongly against taxing costs against Mr. Heard. First, there is no allegation that Mr. Heard brought his claims in bad faith, and aggrieved employees ought not be punished for bringing good faith claims against their employers. Second, ordering each party to bear its own costs would confer a substantial benefit on the public by enabling aggrieved employees to bring meritorious claims without fear of harsh consequences. *See Horsford v. Salvation Army*, 2002 U.S. Dist. LEXIS 18453, at *8 (S.D.N.Y. Sep. 30, 2002) ("it would be . . . unfortunate—and contrary to the purposes of Title VII—if fear of liability for attorneys' fees were to chill the assertion of civil rights claims."); *Champion Produce,* 342 F.3d 1016 at 1022 ("We have previously approved as appropriate reasons for denying costs . . . 'the chilling effect of

Page 2 of 7
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Objection to Defendant's Bill of Costs**

imposing . . . high costs on future civil rights litigants.'"); *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 731 (6th Cir. 1986) ("awarding costs to the prevailing defendant could have a chilling effect on small businesses"). Indeed, such a consequence for losing a good faith FLSA claim would fly in the face of the purpose for which the FLSA was enacted.

Third, this lawsuit presented close legal issues. The presence of "close and difficult" issues is a particularly widely accepted basis for denying an award of costs to a prevailing party. *See, e.g., Pacheco*, 448 F.3d at 794; *White & White,* 786 F.2d at 733 ("the district court acted properly in considering the length and difficulty of the case as a factor in denying costs"); *Champion Produce*, 342 F.3d at 1022; *Teague v. Bakker*, 35 F.3d 978, 996-97 (4th Cir. 1994). This case ultimately turned on whether Mr. Heard was able to complete his job duties in under 40 hours per week. The question was so close that the Court denied Defendant's request for summary judgment as to Mr. Heard, finding that "a rational juror" could conclude that Mr. Heard "worked at least one hour of unpaid overtime" while working for Defendant. Order, ECF No. 41, p. 28.  The closeness of the Parties' legal dispute is evidence that the claims were brought in good faith and that it would be appropriate to decline to tax costs to any Party. *See Hicks v. Lindsey Mgmt. Co.*, No. 3:18-cv-00133 KGB, 2021 U.S. Dist. LEXIS 63151, at *6–7 (E.D. Ark. Mar. 31, 2021) (denying a portion of the defendants' bill of costs in part because "There is no evidence or support for a claim that plaintiffs brought their claims in bad faith" and "The case involved close and difficult legal issues").

Fourth, there is a drastic and undisputed disparity between the parties' financial resources. As a merchandiser, Mr. Heard earned between $13.00 and $16.00 per hour.

Page 3 of 7
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Objection to Defendant's Bill of Costs**

Defendant New Age Distributing is a large, profitable company that contracts with both multi-million-dollar corporations such as Walmart and Kroger and smaller grocery and liquor stores. *See generally*, Defendant's Statement of Facts, ECF No. 18. Therefore, because of Mr. Heard's status as a largely blue-collar employee working two jobs to make ends meet, and Defendant's status as a monolithic business with large financial resources and contracts, imposition of costs on Mr. Heard would put an undue and disproportionate financial burden on Mr. Heard. *See, e.g.*, *Norman v. Indep. Case Mgmt.*, No. 4:20-cv-492-DPM, 2022 U.S. Dist. LEXIS 120084, at *1–2 (E.D. Ark. July 7, 2022) (stating that a showing of a losing party's inability to pay "would tilt the balance against an award") (citing *Thomas v. Viskase Cos.*, No. 3:19-cv-371-DPM, 2022 U.S. Dist. LEXIS 5501, at *1 (E.D. Ark. Jan. 11, 2022)); *Hicks*, 2021 U.S. Dist. LEXIS 63151, at *6–7 (denying a portion of the defendants' bill of costs in part because "The record evidence supports that Mr. Hicks and the other plaintiffs earned or earn close to minimum wage, while defendants have considerable financial resources").

Because the parties' disparate economic circumstances and the nature of Mr. Heard's claims make taxation of costs against Mr. Heard inappropriate, Defendants' Bill of Costs should be denied in its entirety.

**B. Defendant's Bill of Costs Includes Unsupported and Non-Taxable Costs.**

In the alternative, if the Court decides to tax costs against Plaintiff, the Court should deny Defendant's requests for unnecessary and untaxable costs.

A district court has discretion to tax the costs of a deposition to the losing party, but only if the deposition was "necessarily obtained for use in a case." *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006). Many courts in this district have

Page 4 of 7
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Objection to Defendant's Bill of Costs**

declined to tax certain deposition transcript costs to a losing FLSA plaintiff. Specifically, courts in this district have held that deposition costs for parties that were dismissed prior to trial and did not appear at trial were not "necessarily obtained for use in a case" and should not be taxed to a losing plaintiff. *See, e.g.*, *Lochridge v. Lindsey Mgmt. Co.*, No. 5:12-CV-5047, 2016 U.S. Dist. LEXIS 157746, at *15 (W.D. Ark. Nov. 15, 2016) ("The Court has reviewed the parties' briefing and the entire record of the case and finds that, pursuant to 28 U.S.C. § 1920, the costs of the transcripts of the former plaintiffs who settled with [the defendant] well prior to trial and did not testify at trial cannot be considered depositions that were 'necessarily obtained' for use in the trial of the individual claims of Plaintiffs."); *Norman*, 2022 U.S. Dist. LEXIS 120084, at *2 ("The other costs the company seeks are associated with the depositions of a few opt-in plaintiffs. Those costs are not recoverable against Norman because they were not necessary for Independent Case Management to incur in its defense against her individual claims."); *Hicks*, 2021 U.S. Dist. LEXIS 63151, at *8–9 (denying the defendant's request for costs for deposition transcripts except for the single plaintiff whose transcript was used in pursuit of a victorious summary judgment motion).

Defendant seeks costs for eight deposition transcripts. *See* Bill of Costs, ECF No. 64. Of those eight, three were deposition no-shows and were dismissed pursuant to Defendant's Motion for Sanctions, ECF No. 13. Upon granting dismissal of Mr. Goins, Mr. Kelly, and Mr. Hogue, this Court ordered those Plaintiffs to pay "Defendant's reasonable expenses, including attorney's fees," and subsequently ordered Mr. Goins, Mr. Kelly, and Mr. Hogue to each pay Defendant $500 "for attorney's fees and costs related to these Plaintiffs not attending their depositions." Text Entry Only Order, ECF

Page 5 of 7
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Objection to Defendant's Bill of Costs**

No. 28; Order, ECF No. 33. Accordingly, the costs associated with the depositions of Aredious Kelly, Javii Goins, and Corey Hogue (an amount totaling $188.10) has already been taxed to those individuals. Defendant should not receive a windfall by having these costs taxed *again* to Mr. Heard.

Of the remaining five transcript costs, Mr. Bridgeforth was dismissed by agreement following the Parties' hearing on Defendant's summary judgment request. *See* Text Entry Only Order, ECF No. 35. Mr. Bridgeforth was dismissed an entire year before this case went to trial and he did not testify at trial; his deposition was not "'necessarily obtained' for use in the trial" and those costs (totaling $342.40) cannot be taxed to Mr. Heard. *Lochridge*, 2016 U.S. Dist. LEXIS 157746, at *15. Likewise, Mr. Jamerson and Mr. Williams were dismissed on summary judgment prior to trial. Order, ECF No. 41. The costs of their transcripts should not be taxed to Mr. Heard, who was victorious on summary judgment. In *Norman*, this Court declined to impose the cost of depositions of dismissed opt-in plaintiffs on the named plaintiff who lost on summary judgment because the costs "were not necessary for [the defendant] to incur in its defense against [the named plaintiff's] individual claims." 2022 U.S. Dist. LEXIS 120084, at *2.

Here, the depositions of Mr. Jamerson and Mr. Williams were not necessary for Defendant's defense against Mr. Heard's claims at trial, and the costs (totaling $435.70) accordingly should not be imposed on Mr. Heard. This analysis is likewise applicable to the imposition of the cost of Mr. Piggee's deposition on Mr. Heard. Mr. Piggee, who defeated Defendant's summary judgment request, voluntarily dismissed prior to trial.

Page 6 of 7
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
**U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR**
**Objection to Defendant's Bill of Costs**

The cost of deposing Mr. Piggee ($247.00) was not necessary to Defendant's defense against Mr. Heard's claims and the cost should not be taxed to Mr. Heard.

### III.   CONCLUSION

For the reasons stated above, Mr. Heard respectfully asks the Court to exercise its discretion to deny Defendant's Bill of Costs in its entirety. In the alternative, Mr. Heard asks the Court to deny Defendant's request for depositions that were not necessary to the resolution of this matter, and award no more than the $300.00 attributable to Mr. Heard's deposition.

Respectfully submitted,

**PLAINTIFF SHAWN HEARD**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy., Ste. 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

Page 7 of 7
**Donald Bridgeforth, et al. v. New Age Distributing, Inc.**
U.S.D.C. (E.D. Ark.) Case No. 4:20-cv-917-LPR
Objection to Defendant's Bill of Costs